JOHN BALAZS, Cal. Bar #157287
Attorney At Law
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: (916) 447-9299
Fax: (916) 447-9299
John@Balazslaw.com

Attorneys for Defendant
THA BUN HENG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S 04-205-GEB |
| Plaintiff, | |
| | STIPULATION RE: RESENTENCING |
| v. | OF THA BUN HENG |
| THA BUN HENG, | |
| | Hon. Garland E. Burrell, Jr. |
| Defendant. | |

In a written order filed March 12, 2008, the Ninth Circuit granted the parties' stipulated motion to vacate the sentences of defendants Tha Bun Heng, Chhom Mao, and Clevie Earl Buckley, Jr., and to remand for reconsideration of their sentences in light of the Supreme Court's intervening decision in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (Dec. 10, 2007). On remand, the defendant Tha Bun Heng, through his attorney John Balazs, and the the United States, through its counsel, Assistant U.S. Attorney Carolyn Delaney, hereby stipulate and request that Heng be re-sentenced to 121 months imprisonment as follows:

1. After a jury trial, defendant Tha Bun Heng was convicted of one count of possession with intent to distribute cocaine base and one count of distribution of cocaine base. On April 13, 2007, the district court determined that Heng's total offense level was

34 and his criminal history category was II.  As a variance under 18 U.S.C. § 3553(a), the Court reduced his criminal history category from II to I so as not to count his juvenile conviction, and determined his final guideline range to be 151-188 months.  The Court then sentenced Heng to the bottom of the guideline range, or 151 months imprisonment.  In so doing, the Court rejected Heng's argument that the 100:1 crack versus powder cocaine quantity ratio warranted a below-guidelines sentence in light of all the circumstances of this case under § 3553(a).

2.	After sentencing, the Supreme Court decided Kimbrough v. United States, 128 S.Ct. 558, 664 (Dec. 10, 2007), which held that district courts may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining what sentence is sufficient, but not greater than necessary to satisfy, the purposes of sentencing in § 3553(a).  In light of the intervening precedent of Kimbrough, the Ninth Circuit granted the parties' stipulated motion to vacate the defendant's sentence and to remand for re-sentencing.  See Attached Order, filed March 12, 2008.  The Ninth Circuit issued its mandate on May 2, 2008.

3.	At his initial sentencing, Heng's offense was found to have involved 375.52 grams of cocaine base, which equated to a level 34 at his original sentencing.  There were no other adjustments applied to the guideline offense level.  Since the original sentencing on April 13, 2007, the U.S. Sentencing Commission amended the guideline offense level for crack cocaine offenses in a way that generally reduces the applicable offense levels in crack cocaine cases by 2-levels.  See U.S.S.G. § 2D1.1, (amendment 217) (eff. May 1, 2008).  This amendment was made retroactive by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  On remand, Heng is now eligible for a sentence reduction under this retroactive guideline amendment.  See United States v. Grissom, No. 06-10688, 2008 U.S. App. Lexis 8024 (Apr. 15, 2008).  Heng now moves for a sentencing reduction under this amendment pursuant to 18 U.S.C. § 3582(c)(2).  With the 2-level reduction under the retroactive crack cocaine guideline amendment, Heng's guideline offense level becomes 32 and his final guideline range (with the variance

from criminal history category II to I) is 121-151 months imprisonment.

4. On remand for resentencing and pursuant to Heng's request 18 U.S.C. § 3582(c)(2), the parties thus stipulate that the Court grant retroactive application of the crack cocaine amendment and stipulate that the appropriate sentence in this case is 121 months imprisonment, the bottom of the amended guideline range.  The parties agree that this sentence is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  The parties also agree that all other aspects of Heng's sentence on April 20, 2007 shall remain the same.  This stipulation does not affect Heng's right to appeal his convictions in this case and any challenges Heng may have on appeal to his convictions.

5. Defendant Tha Bun Heng is currently incarcerated at FCI California City, California.  Heng has been advised of his right to be present for resentencing.  Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Heng has executed the attached waiver of his right to be present at any re-sentencing proceeding.  He also waives his rights to be present and to allocution at re-sentencing.  He also agrees to the stipulated sentence of 121 months imprisonment.

Respectfully submitted,

DATED: May 12, 2008

/s/ John Balazs
JOHN BALAZS
Attorney for Defendant
THA BUN HENG

DATED: May 13, 2008

McGREGOR W. SCOTT
U.S. Attorney

By: /s/ Carolyn Delaney
CAROLYN DELANEY
Assistant U.S. Attorney

Attorney for Plaintiff
United States of America

**DEFENDANT THA BUN HENG'S
WAIVER OF PRESENCE AT RE-SENTENCING**

I, Tha Bun Heng, am currently incarcerated at FCI California City, California. I have been advised of my right to be present for re-sentencing. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I also agree to the stipulation for a 121 month sentence on remand after my appeal.

DATED: May 12, 2008

/s/ Tha Bun Heng
THA BUN HENG
Defendant
[original signature on file]

**ORDER**

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby re-sentences defendant Tha Bun Heng to 121 months imprisonment in *United States v. Heng*, CR 04-205-GEB.  All other aspects and conditions set forth in the judgment filed on April 20, 2007 shall remain the same.  The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated:  May 14, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge